IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | CRIMINAL NO. H-07-38 |
| JOEY HERRERA<br>DIEGO ADRIAN CAVAZOS<br>DEMETRIO GONZALEZ<br>RIGOBERTO RODRIGUEZ<br>GABRIEL PONCE<br>DAVID FLORES | § | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendants pending trial in this case.

### Findings of Fact

[ ] A. Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

    [ ] (1)     The defendants have been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]     a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]     an offense for which the maximum sentence is life imprisonment or death.

        [ ]     an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]     a felony that was committed after the defendants have been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ] (2)  The offense described in finding 1 was committed while the defendants were on release pending trial for a federal, state or local offense.

[ ] (3)  A period of not more than five years has elapsed since the (date of conviction) (release of the defendants from imprisonment) for the offense described in finding 1.

[ ] (4)  Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendants have not rebutted this presumption.

[X]   B.   Findings of Fact [18 U.S.C. § 3142(e)]

    [X] (1)  There is probable cause to believe that the defendants have committed an offense

        [X]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
(X) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]   under 18 U.S.C. § 924(c).

    [X] (2)  The defendants have not rebutted the presumption established by the finding under B.(1) that no condition or combination of conditions will reasonably assure the appearance of the defendants as required and the safety of the community.

[x]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

    [ ] (1)

    [x] (2)  There is a serious risk that the defendants will flee.

    [ ] (3)

    [ ] (4)  There is a serious risk that the defendants will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[x]   D.   Findings of Fact [18 U.S.C. § 3142(c)]

    [ ] (1)  As a condition of release of the defendants, bond was set as follows:
Defendants have stated that they are financially unable to meet this condition of release. The Court has been asked to reconsider. I have concluded that the bond requirement is the only condition of release that could assure the appearance of the defendants. I find that the amount of bond is reasonable and necessary.

[ ] (2)

[x] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendants as required.

[ ] (4)

[ ] (5) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

## Written Statement of Reasons for Detention

**I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that:**
Joey Herrera, Gabriel Ponce, Rigoberto Rodriguez, Demetrio Gonzalez, David Flores, Diego Cavazos, have been charged by Indictment with drug trafficking activities. The above defendants have all been charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(ii) and 846 (count one). Counts two and four charge aiding and abetting possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(ii), and 18 U.S.C. § 2 (counts two and four). Counts three and five charge aiding and abetting possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. 841(a)(1), 841(b)(1)(B)(ii) and 18 U.S.C. § 2 (counts three and five). Joey Herrera has been charged in counts 1, 2, 4, & 5. Gabriel Ponce has been charged in counts 1 & 2. Rigoberto Rodriguez has been charged in counts 1, 4, & 5. Demetrio Gonzalez has been charged in count 1. David Flores has been charged in count 1. Diego Cavazos has been charged in count 1. The grand jury has made a probable cause determination that the above listed defendants committed the offenses alleged in the Indictment.

**I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:**
Evidence presented at a detention hearing shows that Joey Herrera, Gabriel Ponce, Rigoberto Rodriguez, Demetrio Gonzalez, David Flores, Diego Cavazos participated in drug trafficking activities. Every person in the conspiracy except for Fred Tippet is on the Title III intercepts. There are Title III intercepts for the duration of the investigation, March 2006 to February 2007. Also, there was almost constant surveillance during the duration of the investigation.

Joey Herrera was advised of his right to an immediate federal detention hearing, including the right to present evidence, call witnesses, cross-examine the government's witnesses, proffer testimony, and assert reasons why he should not be detained by federal authorities, but elected to waive the right to said detention hearing. Herrera has ties to the community. He frequently travels to Mexico. His criminal history includes a misdemeanor conviction for burglary of a vehicle.

Herrera has no financial ties to the community. His residence is subject to forfeiture. Also, a substantial amount of currency was seized.

Diego Cavazos participated in the conspiracy, which involved ten to fourteen million dollars going to Mexico and cocaine coming to the United States from Mexico. Cavazos picked up 20 kilograms of cocaine and distributed the cocaine with Rigoberto Rodriguez. For instance, Cavazos was with Rigoberto Rodriguez when 20 kilograms was delivered to 3 other members of the conspiracy. Of the 20 kilograms, 3 kilograms were distributed to Benjamin Rosales, 12 kilograms to David Flores, and 5 kilograms to Regino Garcia. The drug activities were monitored by agents conducting surveillance and through Title III wire intercepts. Money for 15 kilograms of cocaine, approximately $208,000 was seized. Cavazos was born in Mexico. He is a resident alien. He could be deported from the United States if convicted of the instant offense, after serving a prison term. This enhances the risk of flight. He has family ties to Mexico and has travel to Mexico. His sister is a Mexican citizen who is illegally in the United States. Cavazos' employment is unstable.

Demetrio Gonzalez was head of a drug cell. Gonzalez is connected to the cartel leader. According to a confidential source, Gonzalez distributed multiple kilograms of cocaine, for which he received large sums of money. Gonzalez directed the confidential source to distribute drugs. Workers at Gonzalez' car shop, located 7676 Northwest Freeway, Houston, Texas, put the drug proceeds into a bus. Gonzalez received the drug proceeds at his business. Agents seized 2.2 million dollars from his shop. Gonzalez had numerous guns at his residence. He had a Keltech 9 with a high capacity magazine, a sawed off shot gun, an assault rifle and a .50 caliber Dessert Eagle. During Gonzalez' arrest, he came out of his house with his gun in hand. Gonzalez was recorded on Title III intercepts directing people to pick up money. There is no surveillance of Gonzalez physically touching the kilograms of cocaine or money. Gonzalez has family ties to Mexico.

Rigoberto Rodriguez has ties to Mexico, and to Leo Perez and Sergio Perez. Rodriguez was directed by Joey Herrera to take 15 kilograms to Reginald Thornton. Thereafter, Thornton was stopped and cocaine seized. Also, Joey Herrera directed Rodriguez to deliver 3 kilograms of cocaine to Benjamin Rosales, 12 kilograms of cocaine to David Flores, and 5 kilograms of cocaine to Regino Garcia. Surveillance watched as Rodriguez delivered the cocaine to Rosales, Flores, and Garcia. 5 kilograms and $280,000 were seized. The money was seized in Pierce, Texas. Title III recorded conversations show Rodriguez was connected to this money. In addition, Title III recorded conversations show that Rodriguez traveled with Joey Herrera to Mexico to meet with Leo Perez, the Mexican cell leader. Rodriguez has family ties to the community. His father was deported to Mexico following a prison term. Rodriguez uses marijuana. Rodriguez' criminal history includes two felony drug convictions. He was on parole for a felony drug conviction, when he was convicted for another felony drug offense. This demonstrates an inability or unwillingness to comply with release conditions.

Gabriel Ponce was directed by Joey Herrera to distribute multiple kilograms of cocaine and to collect drug proceeds   Also, Joey Herrera directed him to distribute hundreds of kilograms of cocaine with Rigoberto Rodriguez, and to collect the drug proceeds. Ponce transported the cocaine and drug proceeds in Houston, Texas. Ponce has ties to Leo Perez, the Mexican cell leader and to Sergio Perez, a United States cell leader   According to the DEA case agent, photos were taken of Ponce during the investigation. In addition, Ponce's voice is included Title III intercepts. Ponce has family ties to the community. Ponce's employment is unstable. Ponce uses marijuana and cocaine.

      David Flores distributed kilos of cocaine for Joey Herrera. Flores traveled to Mexico with Joey Herrera. They met with Leo Perez, the leader of the drug trafficking organization. Flores was recorded in a drug conversation on Title III intercepts. Flores has family ties to the community. He also has family ties to Mexico. His father resides in Nuevo Laredo, Tamulipas, Mexico.

      The presumption of flight and danger to the community were not rebutted at the detention hearing. Accordingly, having determined that there are no standard conditions of release to assure the appearance of the Defendants at all future court proceedings in this matter, the Court ORDERS that Defendants Joey Herrera, Gabriel Ponce, Rigoberto Rodriguez, Demetrio Gonzalez, David Flores, Diego Cavazos be DETAINED pending further proceedings in this matter.

## Directions Regarding Detention

It is therefore ORDERED that the defendants are committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendants shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendants to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, this 9th day of March 2007

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE